UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-00196 (ADM/LIB)

UNITED STATES OF AMERICA,

     Plaintiff,

 v.

MICHAEL ROBERT GRANLEY,

     Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT & RECOMMENDATION**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Carol M. Kayser, Assistant United States Attorney, hereby files this Response to Defendant Michael Robert Granley's Objections to the Report & Recommendation ("R&R").

## I.  INTRODUCTION

A. Standard of Review

After an R&R is filed by a magistrate judge, "a party may serve and file *specific written objections* to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2) (emphasis added). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *United States v. Heying,* 2014 WL 5286155 *3 (D. Minn. 2014) (Tunheim, J.) quotation omitted. If an objection is made that is not specific, but merely repeats arguments previously presented to and considered by the magistrate judge it is not subject to de novo review; rather, an objection lacking specificity is reviewed only for clear

error. *Id.*; *see also,* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review").

B.    Granley's Objections

Granley filed a Motion to Suppress the evidence obtained as a result of search warrants executed in this case. Docket no. 31. Magistrate Judge Leo I. Brisbois held a Motions Hearing on September 30, 2016, and allowed supplemental briefing.  Docket nos. 37, 40, 42.  The Magistrate Judge issued an R&R on November 2, 2016, recommending that the Court deny Granley's Motions.  Docket no. 47.

Granley filed objections to the Magistrate Judge's R&R. Docket no. 56. Granley does not specify in his objections any portion of the report or the proposed findings which he believes are in error.  Rather, his objections are a copy of the Memorandum he filed with the Magistrate Judge with six additional sentences and two additional clauses. Consequently, this Court is not required to review the Magistrate Judge's decision de novo. Instead, the Court may review the R&R for clear error. Nonetheless, even under a de novo review of the R&R, the Court should find that the Magistrate Judge properly analyzed Granley's Motions and recommended that they be denied.  Consequently, the Government asks the Court to adopt the R&R in its entirety and deny Granley's Motions.

II.    <u>ARGUMENT</u>[1]

A.    The Magistrate Judge Correctly Found That Probable Cause Supported the Initial Search Warrant.

1.    Identification of Granley as a Suspect

The Magistrate Judge properly rejected Granley's claim that the Affidavit set forth only conclusory statements relating to the identification of him as a suspect. The Magistrate Judge agreed with the Government that the Affidavit contained numerous detailed facts about the investigation and Investigator Chris Benson's ("Inv. Benson") identification of Granley as the suspect. R&R p. 13. The R&R recited the following in concluding that the Affidavit set forth detailed facts regarding the identification of Granley as the suspect:

- Inv. Benson received a police report of a sexually charged online conversation between a person with the same name as Defendant and a 12-year-old girl in Virginia. R&R p. 13;
- The detective in Virginia who made the report informed Inv. Benson that he had identified the internet protocol ("IP") address used in the online conversation and it resolved to Clearwater County, Minnesota. *Id.*;
- As a result of an administrative subpoena, Inv. Benson learned that the subscriber of the IP address was "Robert Granley" at a specific physical location. *Id.*; and
- Inv. Benson's check of the Minnesota driver's license database for the name "Michael Granley" and confirmed that someone with that name lived at the address identified as associated with the IP address.[2]

---

[1] Granley does not indicate that he challenges any of the "Relevant Facts" set forth by the Magistrate Judge in the R&R.  Consequently, the Government relies on those facts herein.

[2] In addition to having received information from a Virginia police department, Inv. Benson had also received information from the Bemidji police department about a "Michael Granley" having explicit sexual conversations on-line with two girls, one 12 and the other 13.  *See* Docket no. 34-3. Both departments had screenshots of the conversations, as well as the profile picture of the "Michael Granley" involved in the chats. *Id.* Inv. Benson also called and spoke with Robert Granley and learned that his son, Michael Granley, lived with him. *Id.*

While the Magistrate Judge recognized that the Affidavit did not include facts about how the Virginia detective obtained the IP address, he recognized that the Eighth Circuit has cautioned against "hypertechnical review" of affidavits for probable cause. *Id.* at pp. 13-14, citing *United States v. Grant,* 490 F.3d 627, 632 (8th Cir. 2007), *cert. denied,* 552 U.S. 1281 (2008). Based on the facts recited, the Magistrate Judge correctly determined that the Affidavit set forth sufficient facts detailing the identification of Granley as the subject of the investigation. This was not error, clear or otherwise.

2.      Nexus Between the Contraband and the Place(s) to be Searched

The Magistrate Judge properly rejected Granley's claim that the Affidavit failed to set forth a nexus between the contraband, i.e. evidence concerning the exploitation of children, and the place(s) to be searched, specifically Granley's electronics. Indeed, a review of the Affidavit shows that it established the appropriate nexus. The Magistrate Judge noted that the Affidavit set forth that law enforcement was investigating a "Michael Granley" after a "sexually charged online conversation" with a 12-year-old girl. R&R p. 14. The Affidavit further detailed that a "Michael Granley" lived at the residence associated with the IP address linked to the on-line conversation. *Id.* Under the circumstances, the Magistrate Judge concluded that it "would have been reasonable" for the issuing court to infer that Defendant used an electronic device(s) to facilitate the conversation. *Id.* Likewise, it was "reasonable" to infer that such devices would contain evidence of a crime. *Id.* Because the sufficiency of a search warrant application is examined using "common sense and not a hypertechnical approach," *Grant, supra*, the

4

Magistrate Judge did not err when he concluded that the Affidavit established a nexus between the contraband and the place(s) to be searched, specifically Granley's electronics.

3.     Omission of Crime Committed

The Magistrate Judge correctly concluded that it was not fatal that the Affidavit failed to specify the crime(s) allegedly committed. As he recognized, the law on this issue is "explicit": "[i]t is not necessary for an affidavit to include the name of the specific crime alleged." *United States v. Summage,* 481 F.3d 1075, 1078 (8th Cir. 2007). Instead, "only a probability of criminal conduct need be shown." *Id.* See R&R p. 15. The detailed facts alleged in the Affidavit support a finding of probable cause to believe that Granley's actions constituted a violation of Minnesota state law in effect at the time, including Solicitation of Children to Engage in Sexual Conduct, in violation of Minn. Stat. 609.352(2), and Communication of Sexually Explicit Materials to Children, in violation of Minn. Stat. 609.352(2a).[3] The Magistrate Judge did not err, clearly or otherwise, by rejecting Granley's argument that the search warrant was subject to suppression because it neglected to specify the crime(s) Granley committed.

4.     Omission of Dates

Because the Affidavit detailed an investigation into on-going child exploitation using the internet, the Magistrate Judge did not err in rejecting Granley's claim that the omission of certain dates was fatal to a finding of probable cause. R&R pp. 15-17.

---

[3] As the Magistrate Judge indicated, after the issuance of the search warrants, the Minnesota Court of Appeals held that Minn. Stat. § 609.352(2a)(2) was unconstitutionally overbroad. R&R n.3. At the time Inv. Benson applied for the search warrants, however, the statute was still in effect. *Id.*

Specifically, the facts alleged in the Affidavit established that Granley was engaged in an ongoing effort to obtain child pornography from more than one child. Further, as the Magistrate Judge observed, the Affidavit contained a chronological narrative detailing the investigation of the case. R&R p. 17. That investigation was close-in-time to the presentation of the Application for a search warrant. Consequently, the Magistrate Judge concluded that the facts supported a reasonable inference that there was probable cause to believe evidence of a crime would be found at Defendant's home or on his person.

Under the facts and circumstances of this case, the Magistrate Judge did not err. "Possession of child pornography is a crime that is continuing in nature." *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir.), *cert. denied*, 560 U.S. 916 (2010). *Accord, United States v. Notman*, 831 F.3d 1084, 1088 (8th Cir. 2016) ("Given the compulsive nature of the crime of possession of child pornography and the well-established hoarding habits of child pornography collectors, there is no 'bright-line' test for determining when information is stale"). Where, as here, "the affidavit recites facts indicating the presence of ongoing . . . criminal [activity], the passage of time between the receipt of information and the search becomes less critical in assessing probable cause." *United States v. Rugh*, 968 F.2d 750, 754 (8th Cir. 1992). *Accord, United States v. Formaro,* 152 F.3d 768, 771 (8th Cir. 1998). As the Magistrate Judge determined, "although the dates of the prior conversations could have strengthened support for a probable cause finding resulting from this affidavit, the lack of such dates is not fatal under the totality of the circumstances and nature of the case." R&R p. 17. The Magistrate Judge did not err.

B.      Inv. Benson Properly Seized Granley's Cell Phone and Tablet

Based on the facts testified to at the motions hearing, the Magistrate Judge did not err in determining that Inv. Benson seized Granley's electronics from his person.  This was authorized by the search warrant. Docket no. 34-3. Specifically, Inv. Benson testified at the Motions Hearing that when he encountered Granley in Park Rapids, Granley immediately stated that he had spoken with his father, and his father had told him to turn over to Inv. Benson his cell phone and his tablet.  R&R p. 18. Granley had his cell phone on his person, and he handed it to Inv. Benson.  *Id.* Granley then went into the next room to retrieve his tablet, which he gave to Inv. Benson. *Id.* The Magistrate Judge did not err, clearly or otherwise in determining that Inv. Benson seized the electronics from Granley's person.

C.      The Warrant was Sufficiently Particular and not Overly Broad

1.      The Warrant was Sufficiently Particular

The Magistrate Judge correctly concluded that under the totality of circumstances, the search warrant was sufficiently particular.  In pertinent part, it authorized the seizure of "[p]ersonal electronic devices including, but not limited to: cell phones, personal data assistants,  . . . and/or any other data storage medium." Docket 34-3, Warrant, item 3.  Of course, this would include Granley's cellular telephone and tablet.  At the time Inv. Benson applied for the warrant, he knew that the suspect conversations had occurred online; he did not know, however, the specific device(s) used to access the internet and participate in the conversations.  As the Magistrate Judge recognized, Granley could have been using a desktop, a laptop, a cellular telephone, a tablet, etc. R&R p. 14. Where, as here, "the precise

7

identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *United States v. Dennis,* 625 F.2d 782, 792 (8th Cir. 1980). *Accord, Horn,* 187 F.3d 781, 788 (8th Cir. 1999). A court cannot decide in a vacuum whether a warrant "fails the particularity requirement." *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011), *cert. denied,* 132 S. Ct. 1713 (2012). A court must base its determination "on such factors as the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *Id.* The Magistrate Judge did not err, clearly or otherwise, by rejecting Granley's argument that the warrant was not sufficiently particular.

       2.     The Warrant was not Overly Broad

The Magistrate Judge correctly found that the warrant was not overly broad, even though it authorized a search of the entire contents of Granley's cell phone and his tablet. As the Magistrate Judge pointed out, the affidavit included information showing that a multi-state investigation had determined that a "Michael Granley" was using the internet from the home of "Robert Granley" to possibly commit the crimes of (1) production of child pornography; and (2) electronic solicitation of child pornography. R&R p. 20. It was therefore reasonable for the issuing judge to conclude that there was a fair probability that evidence of that criminal activity would be found in a cell phone or tablet, both of which are capable of accessing the internet. *Id.* at pp. 20-21. Given the many locations on the electronics where evidence of these crimes could be found, the warrant was not overly broad.

8

D.  Alternatively, the Magistrate Judge Correctly Found that the *Leon* Good-Faith Exception Applies

The Magistrate Judge correctly concluded that even if the initial warrant was somehow deficient, law enforcement relied on it in good faith.  R&R pp. 22-24. Reviewing the facts detailed in the Affidavit, the Magistrate Judge correctly concluded that (1) it was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (2) it was not so facially deficient that the executing officers could not reasonably presume it to be valid.  *Id.* Consequently, the Magistrate Judge properly concluded "that the officers involved in seizing and searching" Granley's electronics "relied in good faith on the search warrants." R&R p. 23.  The *Leon* good-faith exception applies to save any deficiency in the Application for a search warrant.  The Magistrate Judge did not err, clearly or otherwise.

## III.  CONCLUSION

For the reasons set forth above and in the Government's Response to Defendant's Memorandum in Support of His Motion to Suppress (Docket no. 42), the Government asks the Court to adopt Magistrate Brisbois' Report & Recommendation in its entirety and DENY Granley's Motions to Suppress.

Dated: December 7, 2016

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Carol M. Kayser*

BY:  CAROL M. KAYSER
Assistant U.S. Attorney