**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Michael Robert Granley,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 16-196 ADM/LIB

___

Carol M. Kayser, Esq., Assistant United States Attorney, United States Attorney's Office, St. Paul, MN, on behalf of Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Michael Robert Granley's Objection [Docket No. 56] to Magistrate Judge Leo I. Brisbois' November 2, 2016 Report and Recommendation [Docket No. 47] ("R&R"). In the R&R, Judge Brisbois recommends denying Granley's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 31]. After a thorough de novo review of the record and for the reasons stated below, Granley's Objections are overruled and Judge Brisbois' R&R is adopted.

## II. BACKGROUND[1]

On January 14, 2016, Investigator Chris Benson ("Investigator Benson"), of the Clearwater County Sheriff's Office, received a report from the Waynesboro, Virginia Police Department concerning a "sexually charged" online conversation between a 12-year old female

___

[1] The following facts are taken from Judge Brisbois' R&R. A condensed version of the facts is presented here; a full recitation of the facts is detailed in the R&R.

and "Michael Granley," an approximately 42-year old male. In the conversation, "Michael Granley" exchanged sexually explicit messages with the minor girl, describing male and female genitalia and suggesting that they engage in sexual acts. Sometime later, Investigator Benson received a report from the Bemidji Police Department concerning a different online conversation between "Michael Granley" and an underage female. In this conversation, "Michael Granley" requested that the girl send him sexually explicit photographs of herself. Investigator Benson noted that the profile photograph for "Michael Granley" in both conversations was the same.

An investigation by Detective Dunn of the Waynesboro Police Department uncovered the internet protocol ("IP") address used to conduct the first online conversation. Detective Dunn provided the IP address to Investigator Benson who, pursuant to a subpoena, discovered that the subscriber associated with that IP address was Robert Granley located in Clearbrook, Minnesota. Investigator Benson conducted a Minnesota driver's licence check for "Michael Granley" and learned that a "Michael Granley" was registered at the same Clearbrook address. Earlier, Investigator Benson phoned the Clearbrook house and requested to speak with Michael Granley. Although Granley was not home at the time, Investigator Benson learned that Michael Granley lived full time at that house with his parents, Robert and Sandy Granley.

On January 19, 2016, Investigator Benson applied for a warrant to search Granley and the Clearbrook residence for "electronic devices maintained and/or utilized by Michael Granley for the purpose of maintaining and/or collecting of photographs of children for either personal gratification or trade." Investigator Benson's affidavit in support of the warrant application described the two sexually charged online conversations and specified how the Clearbrook address and Granley were identified. The warrant application was approved by Minnesota State

District Court Judge John Melbye.

On January 20, 2016, Investigator Benson executed a search of the Clearbrook home. While nothing was seized and Granley was absent from the property, Investigator Benson learned from Granley's parents that Granley was spending the night in Park Rapids, Minnesota.

On January 21, 2016, Granley's vehicle was located by Park Rapids law enforcement officers. Investigator Benson arrived in Park Rapids and met with Granley, who agreed to talk to him. After being shown a copy of the search warrant, Granley gave his cellular phone and a tablet to Investigator Benson, who turned the devices over to the Bureau of Criminal Apprehension ("BCA") for forensic examination.

The forensic examination yielded several other sexually explicit conversations with underage girls. In one online conversation, Granley sent a picture of his penis to a 14-year old girl and received a photograph of female breasts. Based upon this and other information, Investigator Benson sought and obtained three additional search warrants, one each for Granley's iCloud account, Facebook account, and Google account. Through these warrants, Investigator Benson learned of other conversations Granley had with minor girls, including one involving a 15-year old girl in Pennsylvania with whom Granley exchanged sexually explicit photographs and discussed meeting to have sex.

On July 20, 2016, Granley was indicted on ten counts of transferring obscene material to a minor, three counts of production of child pornography, and two counts of attempted production of child pornography. See Indictment [Docket No. 1]. On September 9, 2016, Granley moved for the suppression of any physical evidence obtained as a result of the searches on the grounds that: 1) the initial search warrant was not supported by probable cause; 2) the

seizure of Granley's cellular phone and tablet was unlawful and not covered by the warrant; 3) the subsequent search of the cellular phone and tablet were unlawful, and; 4) the subsequent search warrants are the tainted fruits of the illegally obtained and searched cellular phone and tablet and are not otherwise independently supported by probable cause.

In the R&R, Judge Brisbois recommends denying the motion, concluding that the issuing judge for the initial warrant had probable cause to authorize the searches. Judge Brisbois also concluded that there was a sufficient nexus between the evidence sought and the person or property to be searched. The search of Granley's cellular phone and tablet, Judge Brisbois reasoned, was permitted by the online nature of the correspondence between Granley and the underage girls, and sanctioned a broad search of electronic devices that may have been used to facilitate Granley's interactions with minor girls.

Granley objects to the entirety of the R&R.

### III. DISCUSSION

**A. Standard of Review**

"A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**B. Probable Cause**

The Defendant argues that Investigator Benson's affidavit did not provide the required probable cause for the warrant to issue. According to Granley, the affidavit failed to specify a crime he allegedly committed, lacked evidence associated with any criminal activity, neglected to explain why the place to be searched might lead to evidence, and did not provide the required nexus between the areas to be searched and the evidence sought.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The Eighth Circuit has held that "[a]n affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). Probable cause exists when "a practical, common-sense" evaluation of "all the circumstances set forth in the affidavit" demonstrates "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Gates, 462 U.S. at 231). "The existence of probable cause depends on whether, in the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (quoting United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995)). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (quotation marks

omitted). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." Id. at 238–39 (quotation marks omitted, alteration in original).

The Defendant's concerns with Investigator Benson's affidavit were considered and properly rejected by Judge Brisbois. As described above, the affidavit describes two online conversations between a "Michael Granley" and underage girls. The conversations are sexually explicit, referencing sex acts, male and female genitalia, and include a request for one of the girls to send sexually explicit photographs. The affidavit explains how investigators were able to trace the IP address to the Clearbrook residence, and how Michael Granley was associated with that address. Judge Brisbois properly concluded that the conversations depicted in Investigator Benson's affidavit supports a finding that there was probable cause to believe that Granley had engaged in a crime.

The alleged deficiencies Granley identifies with Investigator Benson's affidavit do not undermine that probable cause determination. The absence of precise detail on how the IP address was acquired does not undermine the application since Investigator Benson's affidavit adequately describes learning the IP address through an investigation completed by Detective Dunn. Nor is the probable cause deficient because of the absence of dates as to when the two conversations occurred. While ascribing dates to criminal activity protects against issuing warrants based on outdated and stale information, "[t]he passage of time is not necessarily the controlling factor in determining staleness, as other facts, such as 'the nature of the criminal activity involved and the kind of property subject to search,' must be considered." United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (quoting United States v. Rugh, 968 F.2d 750, 754

(8th Cir. 1992)). Judge Brisbois correctly observed that an individual participating in the production and distribution of child pornography, crimes that the issuing judge could infer Granley was engaged in, commonly collects and stores illegal material on electronic devices, tools inherently capable of preserving evidence over long periods of time. Accordingly, due to the nature of the criminal activity—child pornography—and the kind of property to be searched—electronic access and storage devices—the lack of specificity as to when the two conversations occurred does not negate a finding of probable cause.

**C. Remaining Issues**

Granley also argues that the R&R should not be adopted because the search warrant did not authorize Investigator Benson to seize Granley's cellular phone and tablet, and that the generalized warrant lacked particularity and scope, thereby permitting an unconstitutionally broad search of devices plainly capable of storing vast amounts of personal information. These concerns were presented to Judge Brisbois, and the R&R correctly found both arguments unpersuasive. As to Granley's first argument, the record demonstrates that Granley voluntarily handed his cellular phone and tablet to Investigator Benson. This establishes that the two items were seized from Granley's "person," a search the warrant authorized. Granley's second argument ignores that the sexually charged online conversations between underage girls and a "Michael Granley" required some internet capable device such as a cellular phone or tablet. Accordingly, it was reasonable for Judge Melbye to conclude that there was probable cause that evidence of criminality would be discovered on cellular phones or tablets. For reasons adequately explained in the R&R, Granley's citations to United States v. Riley, 134 S. Ct. 2473 (2014), and United States v. Winn, 79 F. Supp. 3d 904 (S.D. Ill. 2015), resisting that conclusion,

are unpersuasive.[2]

**D. Leon Good-Faith Exception**

Finally, even if Granley's argument is accepted and the search warrant was authorized without probable cause, Granley's effort to suppress the evidence obtained as a result of the searches must still be denied because the officers relied in good faith on the probable cause determination by the state court judge. The R&R amply explains why the two arguments Granley presents—that the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and that the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid"—do not bar the Leon good-faith exception from applying. United States v. Marion, 238 F.3d 965 (8th Cir. 2001) (alteration in original) (quoting United States v. Leon 468 U.S. 897 (1984)).

---

[2] Granley also challenges the sufficiency of the other search warrants in this case. Granley's arguments concerning those searches, however, requires first finding that the initial warrant signed by Judge Melbye lacked probable cause. As determined herein, the legality of the first search warrant is sound. Accordingly, the subsequent search warrants are also supported by probable cause.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Michael Robert Granley's Objection [Docket No. 56] to Magistrate Judge Leo I Brisbois' November 2, 2016 Report and Recommendation [Docket No. 47] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 47] is **ADOPTED**;

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 31] is **DENIED**.

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 5, 2017.