UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

  v.             **MEMORANDUM OPINION AND ORDER**
                 Criminal No. 16-196 ADM/LIB

Michael Robert Granley,

    Defendant.

_____

Katharine T. Buzicky, Assistant United States Attorney, Minneapolis, MN on behalf of Plaintiff.

Lousene M. Hoppe, Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Michael Robert Granley's ("Granley") Motion to Modify Sentence [Docket No. 107] ("Motion"). Granley seeks a compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A). Plaintiff United States of America (the "Government") opposes the Motion. See Gov't Resp. Opp'n [Docket No. 112]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On March 8, 2017, Granley entered a plea of guilty to using the internet to "knowingly persuade, induce, and entice a known 15-year old girl to engage in sexual activity." Information [Docket No. 66]; Min. Entry [Docket No. 67]; Plea Agreement [Docket No. 70]. In exchange for Granley's plea, the Government agreed to dismiss an Indictment [Docket No. 1] charging Granley with three counts of production of child pornography, two counts of attempted production of child pornography, and ten counts of transfer of obscene material to a minor. Plea Agreement ¶ 1. Granley stipulated that the conduct supporting the dismissed Indictment would

be considered relevant conduct for sentencing purposes. Id.

Granley admitted in the Plea Agreement that beginning in the summer of 2015, when he was 42 years old, he engaged in a scheme in which he repeatedly used the internet to sexually exploit underage girls as young as 14 years old. Id. ¶ 2. Granley would initiate contact with his victims through social media sites and tell them he was in his twenties or thirties. Id. As communications progressed, Granley would tell his victims he loved them and suggest they become "boyfriend/girlfriend" or "fiances." Id. Granley engaged in sexually explicit communications, told his victims he wanted to have sex with them, and sent them pictures of his penis. Id. He persuaded at least 3 girls to send him nude pictures of themselves over the internet. Id. Granley discussed traveling to Pennsylvania to have sex with one 15-year old victim and researched the cost of gas, driving route, and nearby hotels in preparation to do so, though he did not ultimately travel there. Id.

On August 29, 2017, Granley was sentenced to a prison term of 168 months and lifelong supervised release. Sentencing J. [Docket No. 97] at 2, 4. He is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute") and has served approximately 49 months of his sentence. See App'x [Docket No. 108] at 230. Granley's projected release date is July 29, 2028. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last accessed September 14, 2020). While in prison, Granley has incurred no disciplinary actions and has participated in numerous educational courses offered by the BOP. Compassionate Release Investigation [Docket No. 99] at 2; App'x at 235–36.

Granley now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Granley, age 47, states he suffers from hypertension, Stage 3 kidney disease, Type 2 diabetes,

and hyperlipidemia, which subject him to an increased risk of severe illness or death should he contract the COVID-19 virus. He contends the living conditions at USP Terre Haute prevent him from mitigating the risk of contracting COVID-19 because the dorm-style facility makes social distancing impossible. USP Terre Haute reports that there currently are 19 active prisoner cases of COVID-19 at the facility. One prisoner has died from the virus and 63 have recovered. See https://www.bop.gov/coronavirus/ (last visited Sept. 14, 2020).

Granley requests the Court to convert his term of imprisonment to a restrictive supervised release term that may include home confinement. He argues that his rehabilitative efforts while in prison and the restrictive conditions of his supervised release would reduce any risk of future criminal conduct that his release might otherwise allow. Granley states that if released, he would live with his aunt and uncle or a friend. The United States Probation Office has not yet approved a release plan. See Compassionate Release Investigation at 1; Letter [Docket No. 126].

The Government opposes the Motion, arguing a sentence reduction is not warranted because Granley's health conditions are well controlled, he poses a danger to the community, and the § 3553(a) sentencing factors weigh against his release.

### III. DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3. The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Government argued in its opposition brief that Granley has not satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) because he has not produced evidence of a compassionate release request to the BOP. In his reply brief, Granley attached a copy of a July 13, 2020 email he had received from the warden at USP Terre Haute stating that Granley's compassionate release request had been received and that Granley could anticipate a response in 30 days. See Hoppe Decl. [Docket No. 125] Ex. 2. Granley apparently did not receive a response by August 13, 2020. Hoppe Decl. ¶ 8. Granley's counsel also submitted a compassionate release request to the BOP on Granley's behalf on July 29, 2020. Id. ¶ 10, Ex. 3.

The warden responded with an August 7, 2020 letter stating that Granley's request for a compassionate release is denied at this time. See Letter [Docket No. 126] Attach. 1. The evidence submitted by Granley establishes that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Granley's Motion is ripe for consideration.

Granley's Stage 3 kidney disease and Type 2 diabetes are conditions that have been recognized by the Centers for Disease Control and Prevention ("CDC") as elevating the risk for severe illness and complications from COVID-19. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed Sept. 14, 2020). Granley also has hypertension, which the CDC has recognized as possibly increasing the risk of severe illness from COVID-19. See id. Not only does Granley face an increased risk of experiencing serious complications from the virus, the prison where he is housed is currently experiencing a significant COVID-19 outbreak, and social distancing is not always possible in the prison's dormitory environment.

Nevertheless, even if the Court were to find that these circumstances qualify as extraordinary and compelling reasons warranting a sentencing reduction, Granley's Motion must be denied because he poses a danger to the community and because a sentence reduction would be inconsistent with the § 3553(a) sentencing factors. See, e.g., United States v. Sims, No. CR18-0262, 2020 WL 2838611, at *5 (W.D. Wash. June 1, 2020) (concluding that even if a prisoner had shown he was eligible for compassionate release due to his compromised medical

condition, the court is not required to release him if the prisoner poses a danger to the community); United States v. Sears, No. 19-CR-21, 2020 WL 3250717, at *3 (D.D.C. June 16, 2020) (holding that "despite the fact that COVID-19 and [defendant's] medical condition are extraordinary and compelling reasons to grant his motion for compassionate release, section 3553(a)'s purposes of punishment require maintenance of the original prison term") (internal quotations omitted).

Before a sentence reduction may be granted under § 3582(c)(1)(A), a court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, Granley repeatedly used the internet and a cell phone to target young girls and persuade them to send him pictures of their naked bodies and genitals. He also sent numerous pictures of his penis to his child victims and made plans to meet at least one of them in person. This pattern of predatory criminal behavior presents a danger to the community if he were released. See Sims, 2020 WL 2838611, at *5 ("At the time of his arrest, Mr. Sims was not just engaged in possessing pornography, he was sharing that pornography with someone he believed to be an underaged teenager, and he was discussing traveling to her location to engage in sexual activity with her. In other words, he was headed toward escalating, predatory behavior. Such behavior is, without doubt, a danger to the community."). Exacerbating this danger, Granley needs nothing more than internet access to engage in his prior criminal conduct of sexually exploiting children. See id. at *6 ("In today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to place [defendant] in home confinement and eliminate his ability to engage in his prior criminal conduct."); United States v. Miezin, No. 1:13CR15, 2020 WL 1985042, at *4–5 (N.D. Ohio Apr.

27, 2020) (denying compassionate release for 54-year old defendant with hypertension and borderline diabetes because the defendant's ability to commit child exploitation offenses from home presented a danger to the community).

Granley's criminal history lends further support for the determination that he poses a danger to the community. Granley has nearly twenty convictions, ten of which are for theft, which suggests he has not learned from his past criminal behavior. Additionally, while under pretrial supervision in this case, Granley fled from a halfway house after removing GPS equipment without permission. Plea Agreement ¶ 2; Presentence Investigation Report [Docket No. 80] ¶¶ 5, 21.

The sentencing factors in § 3553(a) also weigh against reducing Granley's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law ... to provide just punishment for the offense ... to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). With regard to the nature and circumstances of the offense, Granley engaged in repeated exploitation of children and took significant steps toward meeting at least one of them. Releasing Granley after serving only one third of his sentence would undermine the serious nature of his crimes. See United States v. Mortensen, No. 211CR00095, 2020 WL 2549970, at *2 (D. Nev. May 19, 2020) (finding the seriousness of defendant's crime that included soliciting teenagers online and collecting child pornography weighed against a compassionate release sentence reduction). Reducing Granley's sentence to the 49 months he has served would also run counter to the goals of general and specific deterrence. Lastly, as discussed above, Granley's 168-month sentence is

necessary to protect the public from further crimes by Granley.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Robert Granley's Motion to Modify Sentence [Docket No. 107] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 14, 2020